959 So.2d 1279 (2007)
Father, M.E., of S.E.E., a child, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 1D07-0008.
District Court of Appeal of Florida, First District.
July 12, 2007.
Carole A. Vogel, St. Augustine, and James Pratt O'Conner, Fernandina Beach, for Appellant.
David F. Elder and Michael A. Tupper of Department of Children and Families, Jacksonville; Susan W. Fox of Fox & Loquasto, P.A., Tampa, and Wendy S. Loquasto of Fox & Loquasto, P.A., Tallahassee; Ann Hendricks, Department of Children and Families, Fernandina Beach; Ross Germano, Fernandina Beach; and Annette Lizardo, Guardian Ad Litem Office, Orlando, for Appellee.
*1280 VAN NORTWICK, J.
M.E. appeals a final order terminating his parental rights. The Department of Children and Families (DCF) correctly concedes that the record evidence is insufficient to support termination of M.E.'s parental rights on the basis of voluntary abandonment. Accordingly, we reverse and remand.
S.E.E. was born in prison on September 28, 2005. M.E.'s paternity of the child was not determined until approximately a year after S.E.E. was born. M.E. was incarcerated in the state prison before the child was born and is scheduled to be released in 2008. Before the paternity of the child was known, DCF filed a petition for termination of parental rights. The child's mother voluntarily surrendered her parental rights.
Upon learning of the child's existence, M.E. asserted his parental rights and actively opposed the termination proceedings. M.E. also filed a motion for grandparent visitation and requested the trial court to consider his mother for long-term relative placement while he served his sentence. Below, DCF argued that M.E.'s rights should be terminated because, due to his incarceration, he had voluntarily abandoned the child. The trial court denied grandparent placement or visitation, terminated the father's parental rights, and left S.E.E. in foster care placement. We review this order to determine if the trial court's findings were based on competent, substantial evidence. C.M. v. Dep't of Children & Families, 953 So.2d 547, 550 (Fla. 1st DCA 2007).
M.E. argues that he did not abandon the child within the meaning of section 39.806(1)(d), Florida Statutes (2006). Furthermore, he alleges that DCF, and, in turn, the trial court, erred by not considering long-term relative placement. On appeal, DCF concedes that there is an insufficient evidentiary basis for termination of M.E.'s parental rights based on voluntary abandonment. Generally speaking, incarceration alone is insufficient to terminate parental rights. See, e.g., B.C. v. Dep't of Children & Families, 887 So.2d 1046, 1057 (Fla.2004) (holding that the father's remaining sentence of four years did not constitute a substantial portion of the period of time before his child reached age 18, as required by statute for termination of parental rights); In re J.B., 923 So.2d 1201 (Fla. 2d DCA 2006) (reversing termination where father sought custody of the child, attempted to maintain contact after imprisonment and had nearly completed his sentence).
We agree that M.E. has not abandoned the child within the meaning of section 39.806(1)(d). As soon as M.E. learned of the child's paternity, he took affirmative steps to assert his parental rights and resisted the termination proceedings. Because the record will not support the termination of parental rights on the ground of voluntary abandonment, the order terminating M.E.'s parental rights is reversed, and the cause remanded for further proceedings. Because a remand is required, we need not reach the second issue raised on appeal.
REVERSED and REMANDED.
BENTON, J., concurs, and KAHN, J., concurs in result only.